UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00218-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| (1) KEVIN ALEXANDER McDONALD, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence (Doc. No. 106). Also before the Court is Defendant's Amended Motion for Compassionate Release (Doc. No. 110).

The Court previously ordered the Government to Respond to Defendant's Motion for Compassionate Release, see (Doc. No. 107), allowing sixty (60) days to do so. The Government filed its Response, see (Doc. No. 109), after which Defendant filed his Amended Motion (Doc. No. 110). The Government has since filed a Response to the Amended Motion (Doc. No. 111), and the motions are now ripe for review. For the reasons which follow, Defendant's Motion for Compassionate Release/Reduction of Sentence (Doc. No. 106) and Amended Motion for Compassionate Release (Doc. No. 110) are DENIED.

On August 11, 2016, Defendant was arrested on a complaint charging him with conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), made his initial appearance on the same day, and on August 16, 2016, the court ordered him detained. (Doc. Nos. 1, 13). A grand jury then indicted Defendant on August 18, 2016, charging him with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count One); aiding and

1

abetting the distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Count Two); and two counts of aiding and abetting the distribution and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Counts Three and Four). (Doc. No. 18, ¶ 1). Defendant agreed to plead guilty to Count One, in exchange for the dismissal of the remaining counts against him. (Doc. No. 48, ¶ 1–2). On March 6, 2017, Defendant was sentenced to the mandatory minimum of 120 months of imprisonment. Judgment was entered March 13, 2017. (Doc. No. 85).

On May 5, 2020, the Clerk's Office received Defendant's letter asking the Court to reduce his sentence to time served or for home confinement. (Doc. No. 106). In his motion, Defendant argues his step-father's health, his mother's health, his teenage daughter, that he is a non-violent offender, and his heart murmurs, in light of the COVID-19 pandemic, constitute extraordinary circumstances to grant him compassionate release. Id.

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 109). The Government argues that Defendant's COVID-19 argument is not properly before this Court because he has not exhausted his remedies before the Bureau of Prisons with regard to that argument. Id. at 14-15. The Government in addition argues that Defendant's motion should be denied because Defendant failed to establish extraordinary and compelling reasons to support compassionate release because (1) he does not have a medical condition warranting a reduction; (2) he has not shown that he is eligible for a reduction provided by U.S.S.G. § 1B1.13. Id. at 15-18.

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Defendant argued that the COVID-19 pandemic is a compelling and extraordinary reason for his compassionate release request while asserting the above arguments. However, Defendant is required by 18 U.S.C. § 3582(c)(1)(A) to exhaust his remedies before the Bureau of Prisons. He has not done so with regard to his COVID-19 related argument in support of compassionate release. See United States v. Raia, 954 F.3d. 594, 597 (3d Cir. 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020).[1]

Defendant also failed to provide any "extraordinary or compelling reasons" for his release. See 18 U.S.C § 3582(c)(1)(A); see also United States v. Zywotko, 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("'General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release . . . .'") (quoting United States v. Eberhart, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

---

[1] The Attorney General has issued two Memorandum to BOP with regard to the Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic. The first, dated March 26, 2020, provided a non-exhaustive list for BOP to consider, including the age and vulnerability of the inmate to COVID-19, the security level of the facility, the inmate's conduct in prison, the inmate's score under PATTERN, whether the inmate had demonstrated and verifiable re-entry plan to prevent recidivism and maximize public safety, and the inmate's crime of conviction. The second, dated April 3, 2020, directs BOP to immediately maximize appropriate transfers to home confinement for appropriate inmates from facilities where COVID-19 is materially affecting operations and to expand the review to include all at-risk inmates, not just those previously eligible for transfer.

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[2]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory). . . .

> (ii) The defendant is –

>> (I) suffering from a serious physical or medical condition,

>> (II) suffering from a serious functional or cognitive impairment, or

>> (III) experiencing deteriorating physical or mental health because of the aging process,

---

[2] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Assuming that Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief based on the extraordinary or compelling circumstances under subsections (i) and (ii).[3]

Defendant has failed to demonstrate the existence of "extraordinary and compelling" reasons to supporting his Motion pursuant to § 3582(c)(1)(A). Defendant does not assert that he has a terminal or serious health condition or deterioration in physical or mental health due to aging or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1.

---

[3] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

5

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement. In particular, Defendant argues that his sentence presents extraordinary and compelling reasons because of (1) his mother's health, (2) his step-father's health, (3) he is a non-violent offender; and (4) his heart murmur. There is nothing extraordinary and compelling about these reasons. With regard to calculation of his sentence, Defendant was treated the same as every defendant who pleaded guilty under the circumstances of his case. Similarly, while he received a lengthy sentence, that sentence is not extraordinary and compelling, as his sentence, like every defendant at the time, was determined by the Guidelines at the time. For all of the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release and therefore his Motion for Compassionate Release/Reduction of Sentence (Doc. No. 106) is DENIED.

In his Amended Motion for Compassionate Release, (Doc. No. 111), Defendant seeks to use the "Safety Valve" amendment of Section 402 of the First Step Act, see First Step Act, P. Law 115-391, § 402, 132 Stat. 5194, 5221 (2018). (Doc. No. 111, p. 3). This provision, however, relates only to convictions entered on or after the date of the First Step Act, which did not become law until December 21, 2018. First Step Act § 402(b). Nor does the provision apply retroactively. See United States v. Uriostegui-Galarza, No. 1:13-cr-00080-MR, 2020 WL 908883, at *1 (W.D.N.C. Feb. 25, 2020). As Defendant's judgment was entered on March 13, 2017, the amendment from § 402(b) does not apply. See (Doc. No. 85). The remainder of Defendant's Amended Motion for Compassionate Release is essentially an attempted re-argument of his previous motion that "extraordinary and compelling reasons" warrant a sentence reduction. (Doc. No. 110, p. 3). Once again, however, Defendant has not alleged or presented "extraordinary or compelling reasons"

6

warranting a sentence reduction under U.S.S.G. § 1B1.13, application note 1, as discussed above. At most, Defendant has argued there are positive cases at FCI Bennettsville. Id. Nor has Defendant exhausted his administrative remedies with the BOP. (Doc. No. 110, p. 3); 18 U.S.C. § 3582(c)(1)(A).

Accordingly, for the same reasons as his original motion, as well as the fact that the "Safety Valve" amendment of § 402(b) of the First Step Act does not apply, Defendant's Amended Motion for Compassionate Release (Doc. No. 110) is DENIED.

Defendant's Motion for Compassionate Release (Doc No. 106) and Defendant's Amended Motion for Compassionate Release (Doc. No. 110) are DENIED.

IT IS SO ORDERED.

Signed: July 8, 2020

Frank D. Whitney
United States District Judge

7