UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-136-FDW
(3:16-cr-218-FDW-DSC-1)

| | |
|---|---|
| KEVIN ALEXANDER MCDONALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

Petitioner was charged in the underlying criminal case along with three co-defendants in a drug conspiracy. The counts pertaining to Plaintiff are: Count (1), conspiracy to distribute and possess with intent to distribute a detectable amount of cocaine, with five kilograms or more of cocaine being attributable to Petitioner (21 U.S.C. §§ 846, 841(b)(1)(A)); Count (2), distribution and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine and aiding and abetting the same (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2); and Counts (3)-(4), distribution and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine and aiding and abetting the same (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2). (3:16-cr-218 (CR) Doc. No. 18).

The parties entered into a written Plea Agreement that is signed by the prosecutor, defense counsel, and Petitioner. (CR Doc. No. 48). The Plea Agreement provides that Petitioner was pleading guilty to Count (1) and admitted to being in fact guilty as charged in Count (1). (CR Doc.

1

No. 48 at 1). The Agreement provides that Petitioner's sentencing exposure would be a minimum term of 10 years' imprisonment and a maximum term of life, a $10,000,000 fine, or both, and no less than 5 years of supervised release. (CR Doc. No. 48 at 2). The parties agreed to jointly recommend: "[t]he amount of cocaine that was known to or reasonably foreseeable by [Petitioner] was at least 15 kilograms but less than 50 kilograms of cocaine, suggesting a Base Offense Level of 32" and Petitioner "should receive a two (2) level enhancement pursuant to U.S.S.G. § 3B1.1(c) for his leadership role in the conspiracy charged." (Id.). The United States agreed that the plea is timely for purposes of § 3E1.1(b), if applicable. (Id.). The parties agreed that either party may seek a departure or variance from the applicable guideline range. (Id.). The Plea Agreement sets forth the consequences of the guilty plea and the rights Petitioner was waiving by pleading guilty including his express waiver of his appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 48 at 4-5). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis for the plea, that he read and understood the Factual Basis filed with the Plea Agreement, and that the Factual Basis could be used by the Court, U.S. Probation Office, and the United States unless an objection to a particular fact was explicitly reserved within the Factual Proffer. (CR Doc. No. 48 at 4).

The Factual Basis was signed by the prosecutor and defense counsel. (CR Doc. No. 49). It provides, *inter alia*, that "[t]he amount of cocaine known to or reasonably foreseeable by (1) McDONALD was at least 15 kilograms but less than 50 kilograms." (CR Doc. No. 49 at 5).

A Rule 11 hearing came before Magistrate Judge David Keesler on November 1, 2016. (CR Doc. No. 50). Petitioner stated under oath that he understood the charges against him and the consequences of the plea including the maximum and minimum penalties he faced if convicted. (CR Doc. No. 50 at 1-2). Petitioner confirmed that he spoke to counsel about how the U.S.

2

Sentencing Guidelines may apply to his case, that the sentence has not yet been determined and the guidelines have not yet been calculated, and that he may receive a sentenced higher or lower than called for by the guidelines. (CR Doc. No. 50 at 2). Petitioner acknowledged the rights he was waiving by pleading guilty including the right to be represented by a lawyer, the presumption of innocence, the right to not testify at trial, and the Government's burden of proof. (CR Doc. No. 50 at 2-3). Petitioner admitted his guilt of the offense charged in Count (1). (CR Doc. No. 50 at 3). The prosecutor summarized the terms of the Plea Agreement in open court including Petitioner's appellate and post-conviction waivers. (Id.). Petitioner stated that he understood the Plea Agreement and confirmed that he was pleading guilty without any threats, intimidation, or promises other than the terms of the Plea Agreement. (Id.). Petitioner further stated that he read and understood the Factual Basis and agreed with it. (Id.). Petitioner agreed that he had enough time to discuss with his lawyer any possible defense he may have to the charge and that he was satisfied with the services of his attorney, stating "I appreciate his time…." (Id.).

The Presentence Investigation Report (PSR) calculated the base offense level as 32 because Petitioner was accountable for at least 15 kilograms but less than 50 kilograms of cocaine. (CR Doc. No. 71 at ¶ 37). Two levels were added for Petitioner's role as an organizer, leader, manager, or supervisor. (CR Doc. No. 71 at ¶ 40). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (CR Doc. No. 71 at ¶¶ 44-46). Petitioner had zero criminal history points and a criminal history category of I. (CR Doc. No. 71 at ¶¶ 53-54). This resulted in an advisory guideline range of 108 to 135 months' imprisonment followed by five years of supervised release. (CR Doc. No. 71 at ¶¶ 82, 85).

In an Order entered on March 13, 2017, the Court adjudicated Petitioner guilty of Count (1) and sentenced him to 120 months' imprisonment followed by five years of supervised release. (CR Doc. No. 85). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on March 13, 2018. He argues that counsel was ineffective for: (1) failing to thoroughly investigate the facts and evidence; (2) coercing him to plead guilty to an elevated drug quantity with a 24-hour deadline without making Petitioner aware of the nature of the plea and its consequences, which rendered the plea unknowing and involuntary; (3) failing to object to the drug quantity that resulted in application of a mandatory minimum sentence; (4) failing to object to the leadership role, which resulted in losing a safety valve adjustment and downward departure.

The Government filed a Response, (Doc. No. 4), arguing that Petitioner's pre-plea ineffective assistance claims should be denied because they were waived by his knowing and voluntary plea, and he has not shown that counsel's performance was deficient or prejudiced him.

Petitioner did not reply.

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Rules Governing Section 2255 Proceedings provide that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth

therein. Rule 4(b), 28 U.S.C. foll. § 2255. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law and that no evidentiary hearing is warranted. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). For instance, because "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court[,] ... a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty

5

provided by statute or based on a constitutionally impermissible factor such as race." Marin, 961 F.2d at 496 (emphasis added).

In the instant case, Magistrate Judge Keesler conducted a thorough Rule 11 colloquy and concluded that Petitioner was pleading guilty knowingly and voluntarily with a full understanding of his plea's consequences, including the appellate and post-conviction waivers. Petitioner stated that he was pleading guilty because she was guilty of Count (1), that he had fully discussed any possible defenses with counsel, and that he was satisfied with counsel's services. The record reveals that the guilty plea was knowingly and voluntarily entered with full knowledge of all its consequences.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the

6

Case 3:16-cr-00218-FDW-DSC   Document 115   Filed 10/01/20   Page 6 of 9

voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's present self-serving contentions that counsel failed to adequately investigate the facts and evidence in the case, including the drug quantity, are conclusively refuted by the record and were waived by the knowing and voluntary guilty plea. Petitioner admitted that he was guilty of Count (1), that he understood the charges, that he discussed the case and any possible defenses with counsel, and that he was satisfied with counsel's services. Petitioner's knowing and voluntary guilty plea excused counsel from further investigating the case. See Willis, 992 F.2d at 490.

Petitioner's contentions that counsel coerced him to plead guilty under a time deadline without fully understanding its nature and consequences are conclusively refuted by the record. Petitioner stated under oath in open court that he understood the nature of the charge, the consequences of the plea, and that the plea was freely and voluntarily entered without any threats, intimidation, or force. Petitioner's conclusory and self-serving contentions to the contrary are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Lemaster, 403 F.3d at 221 ("[A]llegations in a § 2255

7

motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

Petitioner's contention that counsel was ineffective for failing to challenge the drug quantity and role enhancement are also conclusively refuted by the record. The Plea Agreement and Factual Proffer state that the amount of cocaine attributable to Petitioner was at least 15 kilograms but less than 50 kilograms. The Plea Agreement provides that this drug amount suggests a base offense level of 32, and that Petitioner should receive a two-level enhancement for his leadership role. Petitioner agreed to all the terms of the Plea Agreement under oath at the Rule 11 hearing and the PSR calculated the offense level in accordance with the Plea Agreement. Counsel cannot be deemed ineffective for failing to object to a drug amount and role enhancement that are supported by the Factual Proffer and which are part of Petitioner's knowing and voluntary Guilty Plea. See generally Rodriguez v. Bush, 842 F.3d 343, 346 (4th Cir. 2016) (a defendant is not prejudiced by counsel's failure to make a meritless objection).

Moreover, Petitioner has failed to demonstrate prejudice. He only seeks sentencing relief and does not seek to withdraw his guilty plea. Therefore, he has failed to satisfy Strickland's prejudice prong by showing that there is a reasonable probability that he would not have pleaded guilty but for counsel's alleged ineffective assistance. There is also no reasonable probability that he would have received a lower sentence had counsel raised any of his frivolous sentencing claims. Further, it would not have been objectively reasonable for Petitioner to go to trial but for counsel's allegedly ineffective assistance. The Plea Agreement was highly favorable to Petitioner in that it resulted in the dismissal of three serious charges and a three-level deduction for acceptance of responsibility. Therefore, Petitioner has failed to demonstrate prejudice and his Motion to Vacate is meritless for this reason as well.

Petitioner's claims of ineffective assistance were waived by his knowing and voluntary guilty plea and are conclusively refuted by the record. Therefore, the Motion to Vacate will be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: October 1, 2020

Frank D. Whitney
United States District Judge