UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CR-00218-FDW

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| (1) KEVIN ALEXANDER MCDONALD, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the Defendant's second *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 118). For the reason which follow, Defendant's Motion for Compassionate Release is **DENIED**.

## I. BACKGROUND

On November 1, 2016, Defendant pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine. (Doc. No. 71). The United States Probation Office prepared a presentence investigation report to assist the Court with sentencing. Id. The report and the factual basis to the plea agreement carefully documented the nature and circumstances of the offense leading to Defendant's conviction. Defendant was sentenced by this Court to 120 months of imprisonment. (Doc. No. 85).

On May 5, 2020, Defendant filed his first *pro se* Motion for Compassionate Release asking the Court to reduce his sentence to time served or for home confinement. (Doc. No. 106). In his motion, Defendant argued his stepfather and

1

mother's health conditions, his teenage daughter needing a father figure, his heart murmurs, and the COVID-19 pandemic as reasons constituting extraordinary circumstances to grant him compassionate release. Id. On July 9, 2020, the Court rejected the arguments and denied Defendant's request. (Doc. No. 112). Specifically, the Court noted that Defendant did not offer any health condition, family circumstance, or other circumstance under 18 U.S.C. 3582(c)(1)(A) that supported his release. Id. at 5-6.

On April 13, 2021, Defendant filed his latest *pro se* Motion where he requested placement into home confinement for the remainder of his sentence or any other relief this Court deemed appropriate. (Doc. No. 118). His claims are based solely on the COVID-19 pandemic. Id. The Government filed a Response in Opposition to Defendant's Motion contending that Defendant's Motion should be denied because only the Bureau of Prisons ("BOP") has the authority to transfer an inmate to home confinement and moreover, he has failed to demonstrate the existence of "extraordinary and compelling reasons warranting a sentence reduction.". See generally (Doc. No. 120).

According to BOP records, inmate locator, and Defendant's filing, the Defendant is currently incarcerated at Fort Dix FCI in New Jersey. Defendant is projected to be released on July 1, 2025. (Doc. No. 121-1 at 1). According to the BOP's calculation as of June 30, 2021, Defendant has served 48.9 percent of his "full term" and 54.9 percent of his "statutory term." Id. at 2.

## II. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only the BOP may grant or deny his request; the Court is without jurisdiction to do so.

## III. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that

3

"extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). According to the policy statement, "extraordinary and compelling reasons" may exist based on the defendant's medical condition, age, family circumstances, or other reasons as determined by BOP. U.S.S.G. § 1B1.13. If a district court finds that extraordinary and compelling reasons exist, the court may not reduce a sentence before "considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." § 3582(c)(1)(A). The defendant bears the burden of proving that he is entitled to relief under § 3582(c)(1)(A). United States v. Weaver, No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020); see United States v. Morgan, 473 F. Supp. 3d 544, 547 (D.S.C. 2020); United States v. Edwards, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Fourth Circuit's recent decision in McCoy does not reduce the defendant's burden of establishing an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A). In McCoy, the court held that the policy statement in U.S.S.G. § 1B1.13 is not "applicable" to compassionate release motions brought by defendants under § 3582(c)(1)(A). 981 F.3d at 281–82. Because § 1B1.13 "was adopted before the First Step Act" and specifically mentions only motions brought by BOP, the court reasoned that the policy statement does not apply to motions brought by defendants. Id. at 282. Absent an applicable policy statement, district courts should "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with the statutory language."

4

Id. at 284.  The Fourth Circuit noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (observing that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" and that "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused," such that the policy statement "can guide discretion without being conclusive")).  Accordingly, the Fourth Circuit has continued to reference § 1B1.13 as a guidepost for compassionate release motions even after McCoy.  See, e.g., United States v. Trotman, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); United States v. Adamson, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam).

The Court agrees with the Government's arguments regarding Defendant's failure to meet the requirements of 18 U.S.C. § 3582(c)(1)(A).  Defendant does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i).  Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i).  Defendant has not shown that he suffers from any medical conditions which increases his risk of severe illness from COVID-19 pursuant to CDC guidelines, and Defendant has failed to demonstrate that he faces a particularized risk of contracting COVID-19 at his prison facility.  Defendant also does not identify other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy

5

statement.

Moreover, Defendant was offered the Pfizer coronavirus vaccine on March 18, 2021, and he refused it. (Doc. No. 121 at 40, 58). That similarly precludes eligibility for compassionate release. See, e.g., United States v. Baeza-Vargas, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) (Teilborg, J.) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (citing more than a dozen cases).

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction; therefore, his Motion for Compassionate Release (Doc. No. 118) is **DENIED**.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 118) is **DENIED**.

IT IS SO ORDERED.

Signed: July 12, 2021

Frank D. Whitney
United States District Judge